# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

KENNETH SALLEN,

        Plaintiff

VS.

VALDOSTA STATE PRISON,     NO. 7:08-cv-19 (HL)

        Defendants     **O R D E R**

Plaintiff **KENNETH SALLEN**, an inmate at Valdosta State Prison ("VSP") in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed *in forma pauperis* (Tab # 2).

Under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner is generally precluded from proceeding *in forma pauperis* if at least three prior lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted. 28 U.S.C. §1915(g). Dismissal without prejudice for failure to exhaust administrative remedies and dismissal for abuse of judicial process are also properly counted as strikes. *See Rivera v. Allin,* 144 F.3d 719 (11th Cir. 1998). Section 1915(g) provides an exception to the three strikes rule, under which an inmate may proceed *in forma pauperis* if he alleges he is in "imminent danger of serious physical injury." The prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)'s imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

The Eleventh Circuit has upheld the constitutionality of section 1915(g) in concluding that

section 1915(g) does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera*, 144 F.3d at *721-27.* The Eleventh Circuit has additionally held that pre-PLRA dismissals count as strikes under section 1915(g). *Id.* at 730.

A review of court records on the U.S. District Web PACER Docket Report reveals that plaintiff had the following three cases dismissed as frivolous pursuant to 28 U.S.C. § 1915: *Sallen v. Chatman*, 5:03-cv-232 (WDO) (M.D. Ga. Sept. 8, 2003); *Sallen v. Chatman*, 5:02-cv-449 (CAR) (M.D. Ga. June 9, 2003); and *Sallen v. Chatman*, 5:03-cv-42 (WDO) (M.D. Ga. Feb. 12, 2003).

As plaintiff has three strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g). Plaintiff alleges that officials at VSP refused to give plaintiff the sneakers and pajamas that the prison had authorized him to receive in a mail order, and that the items may now be lost. Plaintiff also makes the general allegation that he has had other items taken from him by jail staff and appears to suggest race may have played a factor in the handling of his property. These allegations do not remotely approach "imminent danger of serious physical injury."

Because plaintiff has three prior strikes and is not in imminent danger of serious physical injury, his request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice. If plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint. As the Eleventh Circuit stated in *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot

simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

**SO ORDERED**, this 6th day of February, 2008.

                                              *s/ Hugh Lawson*
                                              HUGH LAWSON
                                              UNITED STATES DISTRICT JUDGE

cr